WAYLON LEE ECHOLS                                        PLAINTIFF

v.                          Civil No. 5:26-cv-05023-TLB-CDC

ARKANSAS POST PRISON TRANSFER
BOARD; ARKANSAS PAROLE BOARD;
LONA H. MCCASTLAIN; and JOHN
FELTS                                                   DEFENDANTS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]  Under

§ 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  For

the reasons given below, the undersigned recommends that this case be DISMISSED WITHOUT

PREJUDICE.

## I.  BACKGROUND

Plaintiff Wayne Lee Echols is currently incarcerated at the Washington County Detention

Center ("WCDC").  On January 22, 2026, he filed this Complaint against the Arkansas Post Prison

Transfer Board, the Arkansas Parole Board, and Lona H. McCastlain and John Felts, who he says

are the chairman and director, respectively, of these institutions.  *See* ECF No. 1, pp. 1, 3.  Plaintiff

alleges that on September 1, 2025, he was arrested on charges that formed the basis for revocation

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

of his parole two weeks later. *See id.* at 4. On October 2, 2025, those underlying charges were *nolle prossed*. *See id.* Thus, Plaintiff says that he is "currently serving a six month violation on charges that no longer exist." *Id.* Plaintiff also alleges that at his revocation hearing, he had no attorney, was not able to view any evidence, and was not able to examine any witnesses—that instead, "[t]he judge spoke, detective spoke, parole officer spoke, then I made my plea." *See id.* at 4–5.

In the space on Plaintiff's Complaint where he is asked to state which of his federal constitutional or federal statutory rights have been violated, he writes that he was "denied legal representation" and "denied my right to appeal." *See id.* at 4. Plaintiff seeks $5,000,000.00 in compensatory and punitive damages, and also asks that the Defendants "be fired so they cannot do this to me or anyone else on parole in the future." *See id.* at 6.

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978). To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). As described above, Plaintiff is seeking to recover damages for what he claims were unconstitutional procedures in his parole revocation hearing. *Heck v. Humphrey* was a seminal case in which the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486–87 (1994). Critically, the Eighth Circuit has applied *Heck* to bar claims that would imply the invalidity of a parole revocation. *See Newmy v. Johnson*, 758 F.3d 1008, 1011–12 (8th Cir. 2014). Here, although Plaintiff alleges that his charges in the new criminal case were dismissed, there is no allegation that the revocation of his parole has been reversed, expunged,

declared invalid, or called into question by issuance of a writ of habeas corpus. Therefore, his claim for damages in this case is *Heck*-barred.

Plaintiff has also requested that the parole board members he is suing "be fired so they cannot do this to me or anyone else on parole in the future." *See* ECF No. 1, p. 6. To whatever extent this amounts to a request for injunctive relief, Plaintiff lacks standing to seek it here. Firing parole board members would not redress Plaintiff's own alleged injury as is required for standing, *see, e.g.*, *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1161 (8th Cir. 2019) ("[a]n injunction is inherently prospective and cannot redress past injuries"), and "[a] prisoner cannot bring claims on behalf of other prisoners," *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### IV.  CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of March 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE