IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WAYLON LEE ECHOLS                                                          PLAINTIFF

V.                               CASE NO. 5:26-CV-5023

ARKANSAS POST PRISON
TRANSFER BOARD;
ARKANSAS PAROLE BOARD;
LONA H. MCCASTLAIN;
and JOHN FELTS                                                            DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation ("R&R") (Doc. 9) by United States Magistrate Judge Christy Comstock, recommending that Plaintiff Waylon Lee Echols's original Complaint (Doc. 1) be dismissed without prejudice on preservice screening under 28 U.S.C. § 1915A for failure to state a claim on which relief can be granted. Mr. Echols did not file objections to the R&R. Instead, he filed an Amended Complaint (Doc. 12). The Amended Complaint eliminates separate claims against the Arkansas Parole Board and John Felts but maintains claims against the Arkansas Post Prison Transfer Board and Lona H. McCastlain in her individual capacity.

According to both the original and amended Complaints, Mr. Echols asserts that he was arrested on charges that formed the basis for revoking his parole two weeks later. Though these underlying charges were *nolle prossed*, Mr. Echols was still convicted for violating his parole. The Amended Complaint explains that Mr. Echols appealed the parole revocation to Ms. McCastlain, the Chairman of the Parole Board, but she affirmed the revocation decision. Nevertheless, Mr. Echols maintains that his constitutional rights were violated when his parole was revoked and he was denied a fair hearing.

1

The R&R explains that under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994):

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck* also applies to claims that imply the invalidity of a parole revocation. *See Newmy v. Johnson*, 758 F.3d 1008, 1011–12 (8th Cir. 2014). In the case at bar, Mr. Echols has not alleged in either his original or amended Complaint his parole revocation was reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus. The claims in both pleadings are *Heck*-barred.

**IT IS THEREFORE ORDERED** that the R&R (Doc. 9) is **ADOPTED IN ITS ENTIRETY**, the case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, and Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g). **Thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.**

**IT IS SO ORDERED** on this 6th day of April, 2026.

*/s/ Timothy L. Brooks*
_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

2